(C. D. 355)

L. H. Arens *v.* United States

United States Customs Court, Second Division

(Decided June 14, 1940)

*Harper & Harper* (*Abraham Gottfried* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Joseph E. Weil*, special attorney), the defendant.

Before Tilson, Kincheloe, and Dallinger, Judges

Dallinger, Judge: This is a suit against the United States, arising at the port of Los Angeles, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation invoiced as upholstery buttons and upholstery tacks. Duty was levied thereon under the Tariff Act of 1930 as follows: On the articles composed of two or more pieces of iron or steel, at the rate of 4½ cents per pound under paragraph 331 (as increased by Presidential proclamation promulgated in T. D. 46051, 66 Treas. Dec. 666) as upholsterers' nails; on the articles composed with brass heads or of other than two or more pieces of iron or steel, at 45 per centum ad valorem under paragraph 397 as manufactures of metal not specially provided for;

on the remainder of said articles, at the rate of three-fourths of 1 cent per line per gross and 15 per centum ad valorem under the provision in paragraph 349 for "buttons of metal, not specially provided for."

It is claimed that all the articles which were assessed with duty at the rate of 4½ cents per pound under said paragraph 331 should be classified at the rate of nine-tenths of 1 cent per pound under the same paragraph and said T. D. 46051; and that all the merchandise assessed with duty at the rate of three-fourths of 1 cent per line per gross and 15 per centum ad valorem under said paragraph 349 should be classified at the rate of 45 per centum ad valorem under said paragraph 397 as manufactures of metal not specially provided for.

At the hearing held at Los Angeles on July 11, 1939, before Keefe, Judge, it being shown that the merchandise assessed with duty at the rate of 4½ cents per pound under said paragraph 331 was similar in all material respects to that the subject of protest 532198–G, the record in that case was, without objection, incorporated in and made part of the present record.

A sample of the merchandise assessed at three-fourths of 1 cent per line per gross and 15 per centum ad valorem under said paragraph 349 was admitted in evidence as Exhibit 1. In appearance it is a small circular green button with the necessary loop to permit fastening.

The plaintiff appeared in person and testified that he had been engaged since 1925 in the importation of upholsterers' tacks, thumb-tacks, chair glides, furniture glides, and upholstery buttons; that the merchandise represented by Exhibit 1 was not plated with gold, silver, or platinum, or colored with gold lacquer; that the buttons are covered with paint made from brass powder and some are painted with aluminum paint; that he had been engaged in selling upholsterers' supplies since 1925; that the merchandise in question is similar to that the subject of protest 953334–G and of protest 953340–G, and was described in the invoices covered by said protests as upholstery buttons.

At this juncture the invoices and entries in said protests were admitted in evidence, over the objection of counsel for the Government.

The witness then proceeded to testify that his earlier importations of this merchandise were assessed with duty at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for; that his definition of the word "button" was something that is used to connect two pieces of woven material on a garment; that in his opinion the instant merchandise did not fall within that definition, for the reason that it was used for decoration; that he had sold the instant merchandise for a particular use, to wit, as upholstery buttons, and had seen it used as such; that he had never seen articles like Exhibit 1 used on articles of wearing apparel; and that the only use to which he had

ever observed them employed for was on upholstered leather furniture. On cross-examination the witness testified in part as follows:

X Q. Did you ever hear of a push button?—A. Yes.

\*     \*     \*     \*     \*     \*     \*

X Q. I am referring to a push button, which is used as an electrical—that isn't used according to your definition of a button, in the same way?—A. No.

\*     \*     \*     \*     \*     \*     \*

X Q. I have some buttons on my coat which are not made together into a buttonhole, haven't I? They are merely used for decorative purposes?—A. No, you can turn it the other way around.

X Q. What about this top button? I can't use that, can I?—A. No.

X Q. That is merely used for decorative purposes?—A. Yes.

X Q. You say that you have seen merchandise similar to Exhibit 1 used?—A. Yes.

X Q. And it is inserted in the material or tufting?—A. Yes.

\*     \*     \*     \*     \*     \*     \*

X Q. And this button has a sort of a hook or loop, hasn't it?—A. Yes.

X Q. And that hook or loop is used, isn't it?—A. Yes.

X Q. And threads or cotton is run through there to keep the button in place on the piece of furniture?—A. Yes.

X Q. And that is the only use you know of?—A. Yes.

In addition to his own testimony, the plaintiff offered in evidence the testimony of Hollis J. Reed, examiner of merchandise at the port of Los Angeles, who testified that in the case of protests 953334–G and 953340–G the merchandise was classified as upholstery buttons; that he was familiar with the term buttons as commonly used in everyday speech; that he understood the term "button" to mean something that fastened two pieces of material in clothing, or something used as a decoration on clothing; that he had never seen articles like Exhibit 1 used as a fastening on clothing or as a decoration for clothing; and that the only way he had seen such articles used was in upholstering.

On cross-examination he testified that he was familiar with paragraph 349 of the Tariff Act of 1930; that there is nothing in the provisions thereof limiting the classification for "buttons of metal, not specially provided for" to buttons used on wearing apparel.

Upon this record counsel for the plaintiff in their brief filed herein cite various dictionary definitions of the word "button" in an attempt to limit the meaning of the word to buttons used for utilitarian purposes on wearing apparel. Apparently they ignore that the very definitions which they themselves cite refer also to buttons used for ornamental purposes.

Counsel for the plaintiff also contend that, because in two or three previous importations similar merchandise was assessed with duty at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 under the catch-all provision for manufactures of metal not specially provided for, that fact establishes a long-continued administrative practice. Inasmuch, however, as the evidence

discloses that similar merchandise was not imported previous to 1934, and that the instant merchandise was imported in 1937, we cannot agree with plaintiff's contention.

From the record, and from an examination of the sample in evidence, it is evident that the merchandise assessed by the collector at three-fourths of 1 cent per line per gross and 15 per centum ad valorem under said paragraph 349 is a button within the common meaning of the word, which, in its use by upholsterers serves both a utilitarian and an ornamental purpose, and as such is certainly within the scope of the provision in said paragraph for "buttons of metal, not specially provided for," as classified by the collector, and we so hold.

Since the trial of the instant case the Second Division of this court, on April 5, 1940, handed down a decision in the case of *Import & Export Service Co. et al.* v. *United States*, C. D. 312, covering protest 532198–G, and the record in that case has been incorporated in and made part of the present record. In that case all of the claims of the plaintiff were overruled and the decision of the collector was affirmed. Accordingly, following the cited decision we overrule all claims in the present protest relative to the merchandise invoiced as tacks.

The plaintiff having also failed to establish a *prima facie* case with reference to the merchandise invoiced as upholstery buttons, it follows that all claims pertaining to such merchandise must be and they hereby are also overruled.

Therefore, the decision of the collector in each instance is affirmed. Judgment will be rendered accordingly.